NINTH CIRCUIT CASE NO. 23-60019

—————————————————

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

—————————————————

IN RE MOMENTUM DEVELOPMENT LLC, Debtor

—————————————————

THE PYRAMID CENTER, INC.

Defendant – Appellant

v.

DIANE C. WEIL, Chapter 7 Trustee

Plaintiff – Appellee

—————————————————

On Appeal from Opinion and Judgment of the United States Bankruptcy Appellate

Panel for the Ninth Circuit Court of Appeal – BAP No. CC-22-1084-  affirming

Judgment of the United States Bankruptcy Court, Central District of California,

In Adversary Proceeding Number 1:18-bk-11538-MT

—————————————————

**APPELLANT'S OPENING BRIEF**

—————————————————

Simon J. Dunstan (#164113)
DUNSTAN & FRANKE
32 West Valerio Street
Santa Barbara, California 93101
(818) 404-2144
sdunstan@dunstanfranke.com
Attorneys for Appellant
THE PYRAMID CENTER, INC.

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## (Corporate Disclosure Statement )

Pursuant to FRAP 26-1, the Appellant hereby states that:

1.  There are no Debtors not named in the Caption of this Case

2.  There are no corporate parents that own ten (10) percent or more of Momentum Development LLC

Dated: November 1, 2023          DUNSTAN & FRANKE

By:/s/ Simon J. Dunstan
    Simon J. Dunstan
    Attorney for Appellant,
    The Pyramid Center, Inc.

2

# TABLE OF CONTENTS

**Page**

Disclosure Statement……………………………………………………… 2
Table of Contents…………………………………………………….. 3
Table of Authorities……………………………………………………… 5

I     **INTRODUCTION**………………………….…………………………… 6

II    **JURISDICTIONAL STATEMENT**…………………………………. 6

III    **ISSUES ON APPEAL**…………………………………………… 7

IV    **STATEMENT OF THE CASE**…………………………….............. 8
      A.     Factual Background……………………………………………….. 8
      B.     Procedural Hisorty…………………………………………………. 9

V     **SUMMARY OF ARGUMENT**………………………………………….. 14

VI    **STANDARD OF REVIEW**…………………………………………….. 16

VII    **ARGUMENT**…………………………………………………….. 16

      A.     Fraudulent Transfers in California………………………………… 16

      1.     **Without the benefit of the Court of Appeal's decision in Cortez, the Bankruptcy Court determined that the statute of Limitations had expired under Section 3439.09……. 17**

      2.     ***Cortez* held where there is pending litigation on the underlying claim, that the statute of limitations for a fraudulent transfer action can start to run on the date the judgment in the underlying action became final…………………………………………….. 20**

      3.     **The Bankruptcy Appellate Panel found that the Cortez holding is extended to cases where the lawsuit on the underlying debt had not been pending at the time of the transfer…………………….. 23**

      B.     Under the Authorities Relied upon by the BAP and the Bankruptcy Court, the Bankruptcy Appellate Panel's Decision and the Judgment of the Bankruptcy Court should be reversed………… 23

      1.     **Cortez, Macedo or the Bankruptcy Appellate Panel's decision do not support a finding that the statute of limitations had not expired where, as here, there was no debt at the time of the Transfer….25**

3

# TABLE OF CONTENTS

page

**2.** **The Trustee waived her right to seek a common law cause of action for fraudulent transfer**…………………………….. 28

C. Should the Court of Appeals for the Ninth Circuit determine that the law on the issue of the commencement of the statute of limitations for fraudulent transfer be unclear or ambiguous, it should certify the matter for the Supreme Court of the State of California………………………………………………… 31

IV **CONCLUSION**………………………………………………...………. 32

Statement of Related Cases…………………………………………… 33

Certificate of Compliance…………………………………………… 34

# **Table of Authorities**

**Cases**                                                                                          page(s)

*Adams v. Bell* (1936), 5 Cal.2d 697, 56 P.2d 208…………………………………….....27, 30

*Arizona Elec. Power Co-op., Inc. v. Berkeley*, 59 F.3d 988, 991 (9th Cir. 1995)……….…......16

*Chalmers v. Sheehy*, 132 Cal. 459……………………………………………………………28

*Cortez v. Vogt*,
    52 Cal. App. 4th 917, 937, 60 Cal. Rptr. 2d 841 (Cal. Ct. App. 1997)……………..*passim*
*Gugliuzza v. Fed. Trade Comm'n (In re Gugliuzza)*, 852 F.3d 884, 891 (9th Cir. 2016)……….7

*Haller* v. *Haller,* 102 Cal.App. 370, 373 …………………………..………………………28

*Kremen v. Cohen* 337 F.3d 1024 (9th Cir., 2003)……………………………………….…..32

*Lind v. O.N. Johnson Co.,* (1938) 204 Minn. 30…………………………………………..21, 22

*Macedo v. Bosio* , 86 Cal. App. 4th 1044, 1051 n.6, 104 Cal.Rptr.2d 1 (2001)……………..23, 30

*McKinney v. Wright*, 105 Cal.App. 401, 407……………………………………………….28

I*n re McLinn*, 739 F.2d 1395 (9th Cir. 1984)……………………………………….…..…....16

*Schwartz v. Brandon*, 97 Cal.App. 30, ………………………………………………...28

*Turner v. Wells Fargo Bank (In re Turner)*, 859 F.3d 1145, 1148 (9th Cir. 2017)……………..7

*United States v. Kelly*, 874 F.3d 1037 (9th Cir. 2017)………………………………………16

*Zazzali v. United States (In re DBSI, Inc.),*     869 F.3d 1004 (9th Cir. 2017)………………....16

**Statutes and Rules**
11 U.S.C. §544(b)(1)…………………………………………………………………….....16
11 U.S.C. §1334…………………………………………………………………………….7
11 U.S.C. §157……………………………………………………………………………….7
28 U.S.C. §158(a)(1), (b)(1) and (c)(1)……………………………………………………....7
28 U.S.C. §158(d)…………………………………………………………………………….7

California Civil Code Sections 3439 et sec……………………………………...……*passim*
California Code of Civil Procedure 338(d)…………………………….…………....22, 24, 26
California Rule of Court 8.548……………………………………………………………..31
Local Bankruptcy Rule of Central District of California 7016(b)(1)…………………………30

# I

# <u>INTRODUCTION</u>

This appeal by Appellant, The Pyramid Center, Inc. ("Pyramid" or "Appellant" or "Appellant Transferee") arises from a judgment entered by the United States Bankruptcy Court for the Central District of California determining that the Chapter 7 Trustee, Diane C. Weil ("Trustee" or "Appellee") was entitled to recover a parcel of property transferred by Momentum Development LLC (the "Debtor") to Appellant Transferee. The primary question presented is when the statute of limitations commences in a fraudulent transfer action in the State of California.

# II

# <u>JURISDICTIONAL STATEMENT</u>

Appellant Transferee, The Pyramid Center, Inc. appeals from the Judgment of the Bankruptcy Appellate Panel for the Ninth Circuit ("BAP") and the BAP's published Opinion ("Opinion") both filed on March 2, 2023 which held that the Trustee's fraudulent transfer claims were not barred by the applicable statute of limitations. Appellant Transferee timely filed its Notice of Appeal on March 29, 2023, within 30 days of the Judgment and Opinion having been filed, under Federal Rule of Appellate Procedure 4(a)(1)(A). [ER-133] The Bankruptcy Court had jurisdiction over the matter under 11 U.S.C. §§ 1334 and 157 and Bankruptcy

Appellate Panel had jurisdiction under 28 U.S.C. § 158 (a)(1), (b)(1), and (c)(1).

This Court has appellate jurisdiction over "final decisions" of the BAP under 28

U.S.C. § 158(d). See *Turner v. Wells Fargo Bank (In re Turner)*, 859 F.3d 1145,

1148 (9th Cir. 2017); *Gugliuzza v. Fed. Trade Comm'n (In re Gugliuzza)*, 852 F.3d

884, 891 (9th Cir. 2017)

## III

## <u>ISSUES ON APPEAL</u>

1.      Whether the Bankruptcy Appellate Panel erred in affirming the

Bankruptcy Court's Judgment?

        a.      Whether the Bankruptcy Appellate Panel erred in finding that

the statute of limitations for a fraudulent transfer action commenced upon entry of

the judgment on the debt underlying the fraudulent transfer action?

        b.      Whether the Bankruptcy Appellate Panel erred when it failed to

distinguish between debts that exist at the time of an alleged fraudulent transfer

and those debts that come into existence after an alleged fraudulent transfer?

# IV

# STATEMENT OF THE CASE

A.     Factual Background

On August 23, 2010, Momentum Development LLC (the "Debtor"), the owner of approximately 200 acres of real property in a remote area of the San Bernardino Mountains (the "Property"), entered into an agreement with DCA Drilling & Construction ("DCA") for the purpose of drilling a well on that Property. [ER-29]

On October 31, 2012, the Debtor transferred the Property to the Appellant (the "Transfer") herein, The Pyramid Center, Inc. ("Pyramid"). [ER-101] Pyramid was an insider of the Debtor and the Transfer by the Debtor to Pyramid was for minimal consideration. [ER-101]

DCA drilled on the Property, but water was never found and thus construction of a well was never achieved.  [ER-29] On September 19, 2014, almost four years after entering into the agreement with DCA and almost two years after the Transfer, the Debtor sued DCA in the Superior Court for the State of California, County of San Bernardino ("State Court Action"), for breach of that agreement. [ER-29]  Other than a claim for attorneys' fees, no other affirmative relief was ever awarded to DCA against the Debtor in the Superior Court Action. [ER-29]

8

On June 19, 2018, over 5 years and 7 months after the Transfer, Momentum filed for relief pursuant to Chapter 7 of the Bankruptcy Code. Shortly thereafter, Diane C. Weil was appointed as Chapter 7 trustee for the bankruptcy estate. [ER-25]

On October 5, 2018, over 5 years and 11 months after the Transfer, the Superior Court determined DCA to be the prevailing party in the litigation thus entitling it to an award of attorneys' fees under the agreement. [ER:30]

On October 25, 2019, close to seven (7) years after the Transfer, the Trustee filed her Complaint against Pyramid alleging that the Transfer at issue was fraudulent and seeking recovery thereof for the benefit of the bankruptcy estate and thereby commencing the adversary proceeding styled Diane C. Weil v. The Pyramid Center, Inc., previously pending as Adversary Proceeding No. 1:19-ap-01129-MT from which this appeal emanates. [ER-33]

B.    Procedural History

After the matter was set for trial, the parties submitted their joint pretrial order and the matter was set for trial. In weeks leading up to trial, on January 31, 2022, the Trustee filed her motion in limine which sought, among other things, to exclude any evidence related to DCA's knowledge of the Transfer. [ER-125] The motion in limine set up a series of pleadings and hearing related primarily to

DCA's status as the "triggering" creditor and whether or not DCA had knowledge of the Transfer more than a year before the Bankruptcy Filing.

1. January 31, 2022. Trustee's Motion In Limine to Exclude Defendant's Proffered Evidence Regarding Communications between Chapter 7 Trustee and Counsel for a Creditor of the Estate as Irrelevant, Hearsay, Confusing the Issues, Wasting Time and for Related Privilege Issues [ER-125].

2. February 14, 2022, Pyramid's Opposition to Motion in Limine to Exclude Defendant's Proffered Evidence Regarding Communications between Chapter 7 Trustee and Counsel for a Creditor of the Estate as Irrelevant, Hearsay, Confusing the Issues, Wasting Time and for Related Privilege Issues. [ER-126]

3. February 18, 2022. Trustee's Reply to Defendant's Opposition to Motion in Limine to Exclude Defendant's Proffered Evidence Regarding Communications between Chapter 7 Trustee and Counsel for a Creditor of the Estate as Irrelevant, Hearsay, Confusing the Issues, Wasting Time and for Related Privilege Issues. [ER-126]

4. March 7, 2022. Plaintiff Chapter 7 Trustee's Supplemental Brief in Support of Motion in Limine to Exclude Defendant's Proffered Evidence Regarding Communications between Chapter 7 Trustee and Counsel for a Creditor of the Estate as Irrelevant, Hearsay, Confusing the Issues, Wasting Time and for Related Privilege Issues. [ER-126]

6.    March 7, 2022.  Pyramid's Supplemental Brief in Opposition to Motion in Limine to Exclude Defendant's Proffered Evidence Regarding Communications between Chapter 7 Trustee and Counsel for a Creditor of the Estate as Irrelevant, Hearsay, Confusing the Issues, Wasting Time and for Related Privilege Issues. [ER-126]

9.    March 17, 2022.  Plaintiff Chapter 7 Trustee's Second Supplemental Brief in Support of Motion in Limine to Exclude Defendant's Proffered Evidence Regarding Communications between Chapter 7 Trustee and Counsel for a Creditor of the Estate as Irrelevant, Hearsay, Confusing the Issues, Wasting Time and for Related Privilege Issues. [ER-126]

9.    March 17, 2022.  Pyramid's Second Supplemental Brief in Opposition to Motion in Limine.  [ER-126]

10.    March 23, 2022.  Notice of Tentative Ruling Re Motions In Limine. This Tentative Order became an order of the Court when it was signed and entered. [ER-67] The Order stated, in part, as follows:

> Burden of Proof. There is no dispute here that the statute of limitations has run. The only issue is whether the statute of repose has lapsed. Debtor's petition date was 5.5 years after the transfer at issue. This is within the seven year statute of repose under Cal. Civ. Code §3439.09(c). While the defendant has the burden of

11

showing that the statute of limitations has run, the Plaintiff Trustee has the burden of showing the statute of limitations has been tolled. See Gill v. Blessing, No. 13-0132, 2014 WL 12573667, at *2 (C.D. Cal 2014) and cases cited therein. Thus, the Trustee must demonstrate that the statute of limitations has been tolled. She may do that by showing that any qualifying creditor was not aware of the fraudulent nature of the transfer in time to bring an action before the bankruptcy was filed. The order of proof would be for the Trustee to make that showing as part of her case-in-chief. Defendant may cross-examine any of that evidence in the normal course of trial. If the Trustee shows a creditor other than DCA had insufficient knowledge prepetition so that the statute of repose still applies, DCA's knowledge does become irrelevant and there is no need to decide any privilege issues. Introduction of DCA's knowledge where another creditor qualifies as a triggering creditor would be a waste of resources under FRE 403. If the Trustee can establish a valid timely unsecured claim of a DCA or another triggering creditor, the action is proper and we will not waste time.

Following the entry of the March 23, 2022 order, the parties submitted their respective Trial Briefs.

11.     March 23, 2022.  Plaintiff Chapter 7 Trustee's Trial Brief and Opening Statement. [ER-75]

12.     March 23, 2022.  The Pyramid Center Inc.'s Trial Brief. [ER-93]

Despite the numerous pleadings addressing the evidence surrounding DCA's knowledge of the Transfer or lack thereof, in her trial brief, the Trustee for the first time raised the argument that the statute of limitations commenced at the time the the DCA judgment was entered, rather than the date of the Transfer.  During the first day of trial (Friday, March 25, 2022) the Court took that matter under submission and made a tentative ruling before the end of the weekend. [ER-50-66]

13.  March 27, 2022.  The Court made its tentative ruling which was subsequently entered as an order on March 30, 2022 in its Notice of Tentative Ruling re: Pretrial Motions Related to Application of Statute of Limitations and/or Repose.   In this order the Court stated, among other things, that the statute of limitations commences at the time the creditor's obligation in incurred.  [ER-42]

Specifically, the Court held that,

> [t]he statute [3439.09] allows for an alternative start date
> – four years after the obligation was incurred. That is a
> relevant date on the facts here. Momentum's obligation
> to DCA was not incurred until the State court entered its

13

> judgment in favor of DCA – which was 5/15/18. Using
> that date as the start date for the four-year cause of
> action, the action is timely.

It is this Order that forms the basis for the Bankruptcy Court's error and the appeal

to the Bankruptcy Appellate Panel. The Bankruptcy Appellate Panel recognized

the Bankruptcy Court's flawed logic under the statute yet nevertheless found that

the Bankruptcy Court's reliance on *Cortez* was sufficient to save the Trustee's

Compliant.[1] [ER-13]

## V

## **SUMMARY OF ARGUMENT**

The facts are not in dispute. Rather, the dispute lies in the interpretation of

California law as it pertains to the commencement of the statute of limitations in an

action for fraudulent transfer. That is, the Bankruptcy Court held and the

Bankruptcy Appellate Panel affirmed that the instant action by the Chapter 7

Trustee was timely despite the fact that four (4) years had expired since the

underlying transfer was made. [Cal. Civ. Code 3439.09 provides a four (4) year

statute of limitations] The BAP and the Bankruptcy Court relied on the Court of

Appeals Decision in *Cortez v. Vogt*, 52 Cal. App. 4th 917, 937, 60 Cal. Rptr. 2d

---

[1] Although Pyramid's definition of "obligation incurred" is supported by statutory construction and cases from other jurisdictions, the bankruptcy court was nonetheless correct in relying on Cortez to conclude that in California, the statute of limitations may commence on the date a judgment is entered against a debtor.

841 (Cal. Ct. App. 1997) to find that the statute commenced running on the date the judgment on the underlying debt was entered.

Pyramid submits that the *Cortez* rule whereby the statute of limitations commenced upon entry of a judgment on the underlying debt does not apply to the facts at bar because (1) the delayed commencement date only applies where the creditor was in fact a creditor at the time of the transfer and (2) the Trustee waived her right to seek relief under the common law fraudulent transfer when she failed to plead such relief and further failed to claim such relief in the Joint Pretrial Statement.

Appellant Transferee, believes the decisions of the BAP and Bankruptcy Court should be reversed.

## VI

## <u>STANDARD OF REVIEW</u>

Matters of statutory interpretation are reviewed de novo. *United States v. Kelly*, 874 F.3d 1037 (9th Cir. 2017). Federal Courts also review a lower court's interpretation of state law de novo. *Arizona Elec. Power Co-op., Inc. v. Berkeley*, 59 F.3d 988, 991 (9th Cir. 1995); See also, I*n re McLinn*, 739 F.2d 1395 (9th Cir. 1984)*.*

# VII

# ARGUMENT

The Trustee filed her complaint seeking to recover the Transfer for the benefit of the Bankruptcy Estate pursuant to Section 544(b)(1) of the Bankruptcy Code. As the Ninth Circuit Court of Appeal so succinctly explained in *Zazzali v. United States (In re DBSI, Inc.)*, 869 F.3d 1004 (9th Cir. 2017),

> [b]y its terms, Section 544(b)(1) requires the existence of an actual creditor who could avoid the transfer. 5 Collier on Bankruptcy ¶ 544.01. In other words, the effect of this section is "to clothe the trustee with no new or additional right in the premises over that possessed by a creditor, but simply puts him in the shoes of the latter." Id. ¶ 544.06[3] (quoting Davis v. Wiley, 263 F. 588, 589 (N.D. Cal. 1920), aff'd, 273 F. 397 (9th Cir. 1921)); see also Sherwood Partners, Inc. v. Lycos, Inc., 394 F.3d 1198, 1201 (9th Cir. 2005). "[I]f the actual creditor could not succeed for any reason—whether due to the statute of limitations, estoppel, res judicata, waiver, or any other defense— then the trustee is similarly barred and cannot avoid the transfer." EAR, 742 F.3d at 746; accord In re Acequia, Inc., 34 F.3d 800, 809 (9th Cir. 1994) ("[l]ike Prometheus bound, the trustee is chained to the rights of [such] creditors").

Sometimes this creditor into whose shoes the Trustee steps is referred to as a "triggering" or "golden" creditor. In other words, if there is a creditor of the bankruptcy estate who could have brought a fraudulent transfer action on the date of the filing of the bankruptcy petition, then that right would accrue to the Trustee. Here, however, because the statute of limitations expired before the filing of the

Chapter 7 Case there is no "triggering" creditor into whose shoes the Trustee could have stepped.

Making this determination as to whether there is such a "triggering" creditor in this case requires an analysis of the law in California.

A.   Fraudulent Transfers in California.

To better understand the statute of limitations in California as applied to an action for fraudulent transfer, Appellant – Transferee looks to the history of this particular case.

**1.   Without the benefit of the Court of Appeal's decision in Cortez, the Bankruptcy Court determined that the statute of Limitations had expired under Section 3439.09.**

As set forth above, the "strong-arm claims" asserted by the Trustee pursuant to Section 544 were more specially brought under California Civil Code Sections 3439.04(a)(1) and 3439.04(a)(2)[2].  [AER:14:129-130]  The time limitation for bringing such claims is set forth in the statute follows:

 [a] cause of action with respect to a fraudulent transfer or obligation

 under this chapter is extinguished unless action is brought pursuant to

 subdivision (a) of Section 3439.07 or levy made as provided in

 subdivision (b) or (c) of Section 3439.

---

[2] The Trustee did not allege that the Transfer was voidable under any other provision of California law.

(a) Under paragraph (1) of subdivision (a) of Section 3439.04,

within four years after the transfer was made <u>or the obligation</u>

<u>was incurred</u> or, if later, within one year after the transfer or

obligation was or could reasonably have been discovered by the

claimant.

Cal. Civ. Code 3439.09 (<u>emphasis added</u>)

Prior the Trustee's invocation of *Cortez* in the Trustee's Trial Brief, the

Bankruptcy Court had found that, absent a delayed discovery, the statute of

limitations had in fact expired under 3439[3]. In its ruling on March 23, 2022, just

two (2) days before trial, the Bankruptcy Court stated that,

> [t]here is no dispute here that the statute of limitations
>
> has run… Debtor's petition date was 5.5 years after the
>
> transfer at issue. This is within the seven year statute of
>
> repose under Cal. Civ. Code §3439.09(c). While the
>
> defendant has the burden of showing that the statute of
>
> limitations has run, the Plaintiff Trustee has the burden of
>
> showing the statute of limitations has been tolled. See
>
> *Gill v. Blessing*, No. 13-0132, 2014 WL 12573667, at *2
>
> (C.D. Cal 2014) and cases cited therein. Thus, the

---

[3] Before the filing of trial briefs, the parties and the Court had only been arguing over and analyzing what creditor, if any, might be the so called "triggering" creditor and whether or not that creditor, if any, had any notice of the fraudulent transfer such that the statute would be extended an additional year from the date of discovery pursuant to the delayed discovery rule 3439.09(a).

> Trustee must demonstrate that the statute of limitations
> has been tolled. She may do that by showing that any
> qualifying creditor was not aware of the fraudulent nature
> of the transfer in time to bring an action before the
> bankruptcy was filed[4]. [ER-73]

Upon a review of the reasoning presented in the *Cortez* opinion, the

Bankruptcy Court altered this analysis[5]. Although the Bankruptcy Court

---

[4] As argued below, Appellant – Transferee submits that this is the correct reasoning and outcome where the only cause of action being alleged is under Section 3439.04 of the California Civil Code as is the case at bar.

[5] After reviewing *Cortez* and not having a great deal of time in which to decide analyze that authority, the Bankruptcy Court found that the Cortez court interpreted the words "obligation incurred" as used in Section 3439.09 to mean that the statute of limitations could be alternatively timed from date the transfer was made or the date the creditor's claim arose. In reaching its conclusion, that the Trustee's claims were not time barred under Cal.Civ. Code § 3939.04(a), the Bankruptcy Court stated,

> "…the statue of limitations is four years after "transfer
> was made or the obligation was incurred…"" [March 30
> Tentative Ruling p. 2, ll. 25-26]

The Court further stated,

> [i]f the four year statute started to run on the date of the
> Transfer, it expired on 10/31/16. However, the statute
> allows for an alternative start date – four years after the
> obligation was incurred. That is the relevant date on the
> facts here. Momentum's obligation to DCA was not
> incurred until the State court entered its judgment in
> favor of DCA – which was 5/15/18. Using that date as
> the start date for the four-year cause of action, the action
> is timely. [March 30 Tentative Ruling p. 3, ll. 12-18]
> [emphasis added].

incorrectly interpreted the language of the relevant statues, it did cite *Cortez* in its circuitous path to finding that the statute had not expired.

**2.** ***Cortez* held where there is pending litigation on the underlying claim, that the statute of limitations for a fraudulent transfer action can start to run on the date the judgment in the underlying action became final.**

*Cortez* did in fact find an alternative commencement date, under certain circumstances, for fraudulent transfer actions and the BAP relied on *Cortez* in affirming the Bankruptcy Court's decision. That Court's reasoning, though complex, needs to be considered and analyzed.

While a lengthy employment lawsuit was pending, the defendant in *Cortez,* transferred substantially all its assets to another company. The defendant was left insolvent leaving no assets to satisfy the plaintiff's then potential judgment. After obtaining his judgment, the plaintiff employee commenced a lawsuit to unwind the transfer of the employers assets. Because the assets has been sold more than four years before the employee's judgment was

---

Appellant Transferee argued to the BAP, and the BAP agreed, that this reasoning of the Bankruptcy Court was incorrect because the highlighted language referred to the date a debtor incurs a fraudulent obligation which is the subject of the avoidance litigation; not the date the creditor's claim (obligation) becomes actionable. Nevertheless, the BAP affirmed the decision of the Bankruptcy Court, if not its reasoning

entered, the employer asserted that the statute of limitations in Cal. Civ. Code §

3439.09(a) had expired.

Finding that the statute of limitations had not expired, *Cortez*

held, that there were two paths for creditors wishing to pursue fraudulent transfer

claims, to wit, the ancient common law method, and the new more efficient method

set forth in the UFTA. Relying on a case from Minnesota, the Court in Cortez

stated,

> [t]he Act simply abrogates "[t]he ancient rule whereby a
> judgment and a lien were essential preliminaries to
> equitable relief against a fraudulent conveyance… So it
> seems clear that the meaning of the statute is that a
> creditor without a judgment can sue to set aside a
> fraudulent conveyance." Cortez at 935, citing *Lind v.*
> *O.N. Johnson Co.,* (1938) 204 Minn. 30

Further citing the *Lind* court, *Cortez* says,

> as "Lind points out the uniform act "is remedial and as
> such should be liberally construed," that "[t]he new act
> simply adds an efficient, optional, and additional remedy
> to a creditor who has hot reduced his claim to judgment,"
> and that the object of the act "is to enhance and not to
> impair the remedies of the creditor. *Id.*

Creditors could pursue a cause of action under the Uniform Fraudulent Transfer

Act or a common law claim under California Code of Civil Procedure Section 338.

*Cortez* at 931. Indeed, "[T]he Creditor's choice goes further because the *Uniform*

*Law does not forbid his seeking the older remedy of judgment, followed by*

*judgment creditor's suit*, or the rights he may gain by virtue of an attachment."

(Footnotes omitted and italics added in original). *Id*. at 932. Under the law before

the Uniform Fraudulent Conveyance Act, a creditor alleging a fraudulent

conveyance was entitled to the benefit of a limitations period that began to run

when judgment on the underlying debt became final. [citing *Adams v. Bell*, (1936)

5 Cal. 2d 697 at 703].

     *Cortez* concluded that,

> [i]n cases such as this where there is an alleged
> fraudulent transfer made during a pending lawsuit that
> will establish whether in fact, and the extent to which, a
> debtor-creditor relationship exists, we conclude the
> limitations period does not commence to run until the
> judgment in the underlying action becomes final. The
> primary bases of our conclusion are:
> (a) The contemporaneous legislative adoption of the clear
> statement of policy and purpose of the UFTA as a
> cumulative and additional remedy;
> (b) The requirement we implement a construction of the
> UFTA this is uniform with other states' laws; and
> (c) The potential of unnecessary litigation if strict time
> limits are drawn for fraudulent transfer cases in
> circumstances such as are involved in the present case.
> We conclude the period of limitations in cases of such
> pending lawsuits commences to run when the judgment
> in the underlying action becomes final.

*Id*. at 937

Relying on a subsequent decision from the California Court of Appeals, the

Bankruptcy Appellate Panel found that a lawsuit on the underlying debt need not

be pending at the time of the transfer for a creditor to maintain a fraudulent transfer action.

**3. The Bankruptcy Appellate Panel found that the Cortez holding is extended to cases where the lawsuit on the underlying debt had not been pending at the time of the transfer.**

When confronted with the arguments that Cortez did not apply to the facts of the instant case because (1) the lawsuit was not yet pending at the time of the Transfer and (2) there was no actual debt at the time of the Transfer, the BAP cited to the California appellate court in *Macedo v. Bosio* , 86 Cal. App. 4th 1044, 1051 n.6, 104 Cal.Rptr.2d 1 (2001). The California court of appeals in Macedo summarized the reasoning of *Cortez* as follows:

> The rule deriving from [Cortez] and its reliance on the *Adams* line of authority is unmistakable; the UFTA is not the exclusive remedy by which fraudulent conveyances and transfers may be attacked. They may also be attacked by, as it were, a common law action. If and as such an action is brought, the applicable statute of limitations is section 338(d) and, more importantly, the cause of action accrues not when the fraudulent transfer occurs but when the judgment against the debtor is secured (or maybe even later, depending upon the belated discovery issue).

The BAP noted that, "[t]he *Macedo* court acknowledged that the language of the *Cortez* conclusion would support the narrow interpretation [ie. limiting the reasoning to cases where the underlying lawsuit was actually pending], but the case

23

as a whole indicates *Cortez* applies more broadly:" [AER:2:12] In consideration
of this issue, Macedo found that,

> [A]ll of the analysis preceding that phraseology points to
> the conclusion that a completely cumulative remedy for a
> fraudulent transfer exists above and beyond that provided
> by the [UVTA], and that the statute of limitations
> governing such a remedy is [California Code of Civil
> Procedure] section 338(d). Nothing in that analysis
> provides a basis for *limiting* that cumulative remedy to
> those cases in which the fraudulent transfer occurs during
> the pendency of a lawsuit intended to determine a
> creditor-debtor relationship. *Macedo* at 1051]

Thus the BAP found that the statute of limitations had not run and that the
Bankruptcy Court's decision should be upheld.

B.   Under the Authorities Relied upon by the BAP and the Bankruptcy Court,
the Bankruptcy Appellate Panel's Decision and the Judgment of the Bankruptcy
Court should be reversed.

In finding that the statute of limitations had not expired, the Bankruptcy
Appellate Panel failed to address a fundamental contention of the Appellant-

Transferee below. That is, not only was there not a pending lawsuit at the time of the Transfer, but importantly, there was no underlying debt at all.

**1.** **Cortez, Macedo or the Bankruptcy Appellate Panel's decision do not support a finding that the statute of limitations had not expired where, as here, there was no debt at the time of the Transfer.**

Although this has not been discussed at length in the authorities, in those cases where the Courts have found that the statute of limitations starts running at the time of a subsequent judgment on the underlying debt, there has been an actual debt at the time of the transfer[6]. As discussed supra, *Cortez* reasoned that the legislative history of the UFTA established that the remedies being created or codified therein were cumulative to fraudulent transfer remedies existing at the time. In fact, the Court of Appeals in *Macedo*, explained the interplay of the UFTA and prior law as follows:

> [a]lthough both parties stretch things a bit in their respective analyses of *Cortez*, we conclude that appellant is correct. The rule deriving from that case and its reliance on the Adams line of authority is unmistakable: the UFTA is not the exclusive remedy by which fraudulent conveyances and transfers may be attacked. They may also be attacked by, as it were, a common law

---

[6] Appellant recognizes that 3439 provides for creditors whose claims arise either before or after the transfer but the authorities' recognizing claims brought under the common law and the statute of limitations set forth in CCP Section 338 require that the creditor's claim exist at the time of the transfer.

> action. If as such an action is brought, the applicable
> statute of limitations is section 338(d) and, more
> importantly, the cause of action accrues not when the
> fraudulent transfer occurs but when the judgment against
> the debtor is secured (or maybe even later, depending
> upon the belated discovery issue).

What *Macedo* says is that a creditor may prosecute its fraudulent transfer claims under two distinct paths. It follows then, that each path may have its own pitfalls and benefits. Indeed, the above quoted language - "[i]f such an action is brought, the applicable statute of limitations is section 338(d) and, more importantly, the cause of action accrues not when the fraudulent transfer occurs but when the judgment against the debtor is secured" – addresses this very point. That language says that the only way to get the benefit of the later accrual of the statute of limitations is to sue under section 338.

But, importantly, suing under the common law has its own pitfalls. That is, before the adoption of the UFTA (previously the Uniform Fraudulent Conveyance Act) in order to commence an action for fraudulent transfer it was necessary that the creditor's claims existed at the time of the transfer.

Citing the California Supreme Court in *Adams v. Bell*, Cortez found that,

> the remedies of the UFTA and its predecessor, the
> Uniform Fraudulent Conveyance Act, are cumulative to
> the remedies applicable to fraudulent conveyances that
> existed before the uniform laws went into effect. As to
> the preexisting remedies, the California Supreme Court
> has held that the limitations period begins to run at the

> time of judgment in the underlying action, but if the
> creditor is unaware of the fraudulent conveyance, the
> limitations period begins to run when the creditor
> discovers the fraudulent conveyance.
> (*Adams v. Bell,* (1936) 5 Cal.2d 697, 703 [ 56 P.2d 208],
> applying Code Civ. Proc., § 338, former subd. 4 [now
> subd. (d)].)

But in those cases that existed before the UFTA, the complaining creditor needed
to be an actual creditor at the time of the Transfer.  Id.  Applying Code of Civil
Procedure section 338, the court states, ". . . ordinarily one asserting that a
conveyance is fraudulent must show that he was a creditor of the debtor at the time
of transfer [citation omitted], [but] it is not necessary that the claim at said time be
reduced to judgment." (*Adams* v. *Bell, supra,* 5 Cal.2d at p. 701.) One asserting
that a conveyance is fraudulent must show that he was a creditor of the debtor at
the time of transfer.  *Haller* v. *Haller,* 102 Cal.App. 370, 373 [ 283 P. 94]).  It is
not, however, necessary that the claim at said time be reduced to judgment.  It is
well settled that the creditor – debtor relationship is not dependent upon a
judgment but arises when the cause of action accrues.  *Adams v. Bell* at 701;
*Chalmers v. Sheehy*, 132 Cal. 459, *Benson v. Harriman*, at 490, *Schwartz v.
Brandon*, 97 Cal.App. 30, *McKinney v. Wright*, 105 Cal.App. 401, 407.

In this case, not only was there not a pending lawsuit at the time of the
Transfer, as there was in Cortez and those cases cited by the Trustee, but there was

not even a debt owed[7] by Momentum to DCA at the time of the Transfer. To allow the BAP's Opinion and Bankruptcy Court's judgment to stand would not be simply acknowledging the cumulative remedies recognized in Cortez and the legislative history accompanying the enactment of the UFTA, but it would constitute an expansion of the law of fraudulent transfer in California to permit a creditor whose claims (not judgment) arose after an alleged fraudulent transfer[8] to benefit from the delayed commencement of the Statute of Limitations. .

The fact is that *Cortez* did not discuss any modification, extension or granting through equity of some new statutory provision. Rather, Cortez merely held that the rules that existed before the introduction of the UFTA would remain in existence as cumulative and in addition to those streamlined rules set up through the UFTA. What the Trustee urges this Court to do, however, is extend the law that preexisted the UFTA to facts that were not actionable at common law and were not expressly made actionable by the statute. Obviously the legislature could have extended those rules to the more expansive UFTA had it seen fit. It did not

---

[7] It should be noted and understood that this case is an anomaly in that although there was an action, DCA was not a creditor of the Debtor until such time as the judgment was entered; not a debt that was subsequently reduced to a judgment. Rather, as the Bankruptcy Court specifically found and as the Trustee has admitted, DCAe did not become a creditor until the Judgement was entered.

[8] The concern for potential unnecessary litigation raised as one of the Cortez court's concerns is hardly implicated where the cause of action arises after the Transfer itself. That is, an additional cause of action can easily be added at the time of the filing of the Complaint and if deemed necessary, the Court could bifurcate those issues pending a decision on the underlying claim.

and there is nothing in the record or the authorities to suggest that such an extension is warranted or would be decided in that way by the highest court of the State of California.

> **2.    The Trustee waived her right to seek a common law cause of action for fraudulent transfer.**

Assuming arguendo that a claim for fraudulent transfer under the common law could have been filed without the existence of a claim at the time of the alleged fraudulent transfer, under the facts of this Court, the Trustee waived any such right.  That is, when the parties met and conf erred and jointly prepared their Joint Pretrial Order pursuant to Local Rule 7016(1)(b), the parties stipulated that, the following issues of law, and no others, remain to be litigated:

> 1. Whether the Transfer of the San Bernardino Property is avoidable under 11 U.S.C. §§544(b) and under Cal. Civ. Code § 3439.04(a)(1) and  recoverable for the benefit of the estate under Cal. Civ. Code § 3439.07 and 11 U.S.C. §§ 544, 546, 550.
>
> 2. Whether the Transfer of the San Bernardino Property is avoidable under 11 U.S.C. § 544(b) and under Cal. Civ. Code § 3439.04(a)(2) and  recoverable for the benefit of the estate under Cal. Civ. Code § 3439.07 and 11 U.S.C. §§ 544, 546, 550 [AER:1:]

What the Trustee did not do, is allege claims under both the UFTA and/or those still exiting common law remedies still remaining after enactment of UFTA.  That is, according to *Macedo*, and the <u>Adams</u> cases on which Cortez relies, the Trustee

had the right to bring claims under both the UFTA and the common law where the statute of limitations would have been governed by Section 338 of the California Code of Civil Procedure. Although the Appellant Transferee contends that those claims would nonetheless fail as a matter of law as argued herein, were the Trustee to assert those claims at this late time, after discovery, after trial and after an appeal through the Bankruptcy Appellate Panel, those claims would be barred by the Federal Statute of Limitations set forth in Section 11 U.S.C. §548 (Trustee has two (2) years after the commencement of the bankruptcy case to commence such litigation). In short, the Trustee has waived any right to seek relief pursuant to the California common law pursuant to CCP Section 338 and any attempt to do so now should be rejected.

Any claim therefore that the applicable statute of limitations commenced running on the date the underlying judgment was obtained is based upon a waived claim and is therefore invalid. The Opinion and Order of the BAP and the Judgment of the Bankrup0tcy Court must therefore be reversed.

C. Should the Court of Appeals for the Ninth Circuit determine that the law on the issue of the commencement of the statute of limitations for fraudulent transfer be unclear or ambiguous, it should certify the matter for the Supreme Court of the State of California.

California Rule of Court 8.548 provides that the Court of Appeals may request a decision from the Supreme Court of the State of California if:

1.     The decision could determine the outcome of the matter pending in the requesting court, and

2.     There is no controlling precedent.

Although Appellant contends that Macedo is indeed controlling in so far as it compels that a creditor seeking to take advantage of the delayed commencement date for a fraudulent transfer claim be an existing creditor at the time of the alleged fraudulent transfer.  Because the issue has not been squarely placed before the Court of Appeal since the enactment of the UFTA, however, certification would lead to a consistency with this Court's ultimate decision herein and the laws of the State of California as interpreted by its Supreme Court.  Moreover, such a decision by the Supreme Court of the State of California would determine the outcome of this appeal and, Appellant contends, would have significant impact on a commonly raised issue in both the State Court of California as well as the Bankruptcy Court's throughout the State.  The certification procedure is reserved for state law questions that present significant issues, including those with important public policy ramifications, and that have not yet been resolved by the state courts. *Kremen v. Cohen* 337 F.3d 1024 (9th Cir., 2003).  Appellant submits that that standard is met herein.

# VIII

## <u>CONCLUSION</u>

Here the Bankruptcy Appellate Panel's decision stretches the time period for bringing a fraudulent transfer case to an unimaginable degree. Indeed, upholding the BAP's decision will essentially create a look back period of just less than seven (7) years in all bankruptcy cases. Wherefore, Pyramid Center, Inc. Respectfully requests that this Court reverse the Bankruptcy Appellate Panel's Judgment and Opinion, the Bankruptcy Court's Judgment and for such other and further relief as this Court deems just and appropriate.

Dated: November 2, 2023                    DUNSTAN & FRANKE

                                           By:<u>/s/ Simon J. Dunstan</u>
                                               Simon J. Dunstan
                                               Attorney for Appellant,
                                               The Pyramid Center, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 17. Statement of Related Cases Pursuant to Circuit Rule 28-2.6

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form17instructions.pdf

**9th Cir. Case Number(s)** 23-6001

The undersigned attorney or self-represented party states the following:

◉ I am unaware of any related cases currently pending in this court.

○ I am unaware of any related cases currently pending in this court other than the case(s) identified in the initial brief(s) filed by the other party or parties.

○ I am aware of one or more related cases currently pending in this court. The case number and name of each related case and its relationship to this case are:

**Signature** /s/ Simon J. Dunstan     **Date** November 1, 2023

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 17**                                          *New 12/01/2018*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** 23-6001

I am the attorney or self-represented party.

**This brief contains** 6,908 **words,** including [ ] words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

⦿ complies with the word limit of Cir. R. 32-1.

○ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

○ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

○ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

○ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

☐ it is a joint brief submitted by separately represented parties.
☐ a party or parties are filing a single brief in response to multiple briefs.
☐ a party or parties are filing a single brief in response to a longer joint brief.

○ complies with the length limit designated by court order dated [ ].

○ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** /s/ Simon J. Dunstan   **Date** November 1, 2023

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 8**                                   *Rev. 12/01/22*